1

2

3

4

5

6          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8
LEONDIS DAVONE BERRY,                )
9                                    )
              Petitioner,            )      CASE NO. C08-474-JLR-JPD
10                                   )
              v.                     )
11                                   )
FRED FIGUEROA,                       )      REPORT AND RECOMMENDATION
12                                   )
              Respondent.            )
13  _____)

14              INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner is currently in the custody of the Washington Department of Corrections

16  pursuant to a 2002 King County Superior Court judgment and sentence.  He has filed a petition for

17  writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from a portion of the sentence

18  imposed following his convictions on robbery charges.  Respondent has filed an answer to

19  petitioner's federal habeas petition in which he argues that the petition is time-barred under the

20  federal statute of limitations, 28 U.S.C. § 2244(d).  This Court, having reviewed petitioner's

21  petition, respondent's answer, and the balance of the record, concludes that petitioner's federal

22  habeas petition should be dismissed as untimely.

23                      PROCEDURAL HISTORY

24          On January 9, 2002, petitioner pleaded guilty to six counts of robbery in the first degree.

25  (*See* Dkt. No. 15, Ex. 1 at 1 and 6.)  Petitioner was sentenced on June 7, 2002, to a total term of

26  369 months confinement which included terms of 129-months confinement on each of the robbery

REPORT AND RECOMMENDATION
PAGE - 1

1  counts, those terms to be served concurrently, and consecutive 60-month terms for special weapon

2  findings on four of the six robbery counts.  (Dkt. No. 15, Ex. 1 at 4.)

3  Petitioner did not file a direct appeal.  However, in October 2006, petitioner filed a motion

4  to vacate his judgment and sentence in the King County Superior Court.  (*See id.*, Ex. 2.)

5  Petitioner argued in his motion to vacate that the firearm sentencing enhancements imposed by the

6  trial court were unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004).  (*Id.*)  In

7  February 2007, the superior court transferred the motion to the Washington Court of Appeals for

8  consideration as a personal restraint petition.  (*Id.*, Ex. 3.)  The Court of Appeals dismissed the

9  petition in March 2007.  (*Id.*, Ex. 5.)  Petitioner filed a motion for discretionary review in the

10  Washington Supreme Court.  (*Id.*, Ex. 6.)  The Supreme Court Commissioner issued a ruling

11  denying review in May 2007.  (*Id.*, Ex. 7.)  The Court of Appeals issued a certificate of finality in

12  petitioner's personal restraint proceedings in August 2007.  (*Id.*, Ex. 8.)

13  Petitioner signed his federal habeas petition on March 19, 2008, and the petition was

14  received by the Court for filing on March 24, 2008.  (*See* Dkt. No. 4.)

15  <u>GROUNDS FOR RELIEF</u>

16  Petitioner identifies three grounds for relief in his federal habeas petition:

17  **GROUND ONE:**  Petitioner's plea and stipulation did not waive jury trial rights to
    the determination of aggravating sentencing fact.

18

19  **GROUND TWO:**  The 240 month enhanced portion of the sentence is a *Blakely*
    violation because the judge made the finding not jury.

20  **GROUND THREE:** Petitioner did not knowingly, voluntarily, and intelligently
    waive jury rights for sentence enhancements.

21

22  (Dkt. No. 4 at 5, 6, and 8.)

23  <u>DISCUSSION</u>

24  On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

25  Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which

26  worked substantial changes in the law of federal post-conviction relief.  One of those changes was

REPORT AND RECOMMENDATION
PAGE - 2

to adopt a one-year statute of limitations for § 2254 actions.  *See* 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) states that the one year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not appear to dispute that he filed his federal habeas petition more than one year after his judgment and sentence became final.  Petitioner asserts instead that the instant petition is timely because it was filed within one year of the date the Washington Supreme Court issued its decision denying review of the claims which petitioner asserts in his federal habeas petition.  However, the relevant question is not whether petitioner filed his federal habeas petition within one year of the date the state courts disposed of his claims, but whether the petition was timely filed in accordance with the provisions of § 2244(d)(1) as set forth above.  The record before this Court makes clear that petitioner's federal habeas petition was not timely filed in accordance with the provisions of § 2244(d)(1).

Petitioner's judgment became final, under state law, on or about June 7, 2002.  *See* RCW 10.73.090(3)(a).  Thus, under § 2244(d)(1)(A), petitioner had until on or about June 7, 2003, to file his federal habeas petition.[1]  The one year limitations period is tolled for any properly filed

--------

[1] Because petitioner's federal habeas claims are based on the relatively recent *Blakely* decision, this Court notes that § 2244(d)(1)(C), which is effectively an exception to the general one-year time limit set forth in § 2244(d)(1)(A), does not apply because the Supreme Court has not made the rights recognized in *Blakely* "retroactively applicable to cases on collateral review."

REPORT AND RECOMMENDATION
PAGE - 3

collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner did file a collateral state challenge to his judgment and sentence. However, he did not file that challenge until October 2006, well after the statute of limitations had already expired. Petitioner's personal restraint proceedings in the state courts therefore did not act to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id.* (internal quotation and citation omitted). Petitioner does not argue that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner did not sign his federal habeas petition until March 19, 2008, almost five years after the statute of limitations expired in June 2003. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred. This Court therefore recommends that petitioner's federal habeas petition be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

DATED this 28th day of October, 2008.

James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4